**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**DELLOYD LAWON MARIGNY**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.  4:21-CV-P10-JHM**

**HOPKINS COUNTY JAIL ADMINISTRATION** *et al.*                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action.  This matter is before the

Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will

dismiss some claims but allow others to proceed.

**I.**

Plaintiff Delloyd Lawon Marigny was incarcerated as a convicted prisoner at the Hopkins

County Jail (HCJ).  He names as Defendants the "Hopkins County Jail Administration" and the

following HCJ officials - Jailer Mike Lewis; Captain Sundie Thomas; Sergeant Justin Hunt; and

Brooke Holt.  Plaintiff sues the individual Defendants in their official capacities only.  Plaintiff

alleges that Defendants violated his constitutional rights during the approximately five and one-

half months he was incarcerated in the segregation unit at HCJ.  The Court will address each of

Plaintiff's claims in turn.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer,

or employee, the trial court must review the complaint and dismiss the complaint, or any portion

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and]

2

would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The "Hopkins County Jail Administration" is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)).  In this situation, it is Hopkins County that is the proper Defendant.  *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Similarly, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims

3

against the individual Defendants who work at HCJ are actually brought against Hopkins County as well.

For these reasons, the Court will direct the Clerk of Court to add Hopkins County as a Defendant to this action and will dismiss Plaintiff's claims against the named Defendants as redundant to his claims against Hopkins County.

When a § 1983 claim is made against a municipality such as Hopkins County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The Court will analyze Plaintiff's claims in accordance with this standard.

**A. Religious Services**

Plaintiff first alleges that HCJ officials violated his rights and the rights of other inmates in segregation by not allowing them the right to "worship and/or congregate with Others of their Faith Community." Plaintiff specifically alleges that due to this custom or policy he was not allowed to participate in "Jumu'ah services."

Based upon this allegation, the Court will allow a First Amendment Free Exercise claim and a Religious Land Use and Institutionalized Person Act (RLUIPA) claim to proceed against Hopkins County. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

4

### B.  Reading of Legal Letter

Plaintiff alleges that on one occasion, he asked an HCJ official to make copies of a "legal letter."  He states that this official first viewed the letter to ensure that it "was for legal purposes" and then discussed it with another HCJ official "to confirm it was for Legal Proceedings."  Plaintiff states that they then shared it with other HCJ officials to "see how I could proceed in the right matter."  Plaintiff claims these actions violated his rights under the Fourth Amendment.

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  In *Hudson*, a prison official searched a prisoner's cell and destroyed some of his legal papers in the process. *Id*. at 519, 535.  The prisoner claimed that the prison official's conduct constituted an unreasonable search and seizure of his property, in violation of the Fourth Amendment. *Id*. at 530. The Supreme Court disagreed.  Following *Hudson*, several courts have held that the Fourth Amendment does not apply to the search and/or seizure of legal mail. *See, e.g.*, *Hubbard v. Mann*, No. 2:21-cv-55, 2021 U.S. Dist. LEXIS 127064, at *22 (W.D. Mich. July 8, 2021) (holding that the Fourth Amendment does not prohibit prison officials from reading and confiscating his legal mail ); *Thomas v. Kramer*, No. 2:08-CV-0544, 2009 U.S. Dist. LEXIS 32874, at *5 (E.D. Cal. April 7, 2009) ("no Fourth Amendment violation when inmate not present during search of legal materials"); *Hall v. Chester*, No. 08-3235, 2008 U.S. Dist. LEXIS 84334, at *22 (D. Kan. Oct.20, 2008) ("[p]rison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail, and are not required to have probable cause to search incoming mail").

Indeed, it is the First Amendment, rather than the Fourth Amendment, that generally protects an inmate's legal mail rights. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir.

1996) (citing *Wolff v. McDonnell*, 418 U.S. 539, 574-77 (1974)). However, Plaintiff's allegations pertain to one "legal letter," on one occasion, and they do not suggest that any potential constitutional violation occurred as the result of a custom or policy implemented by Hopkins County. Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### C. Denial of Access/Restricted Access to "Privileges"

Plaintiff next argues that his constitutional rights were violated because he was denied access to certain privileges, such as outside recreation, and that other privileges, such as access to the phone, were restricted while he was in segregation. Plaintiff specifically alleges that he was only allowed to use the phone for one hour per week.

Plaintiff seems to claim that the denial of access or restricted access to these privileges violated his rights under the Due Process Clause of the Fifth Amendment. However, while the Fifth Amendment circumscribes the actions of the federal government, it is the Due Process Clause of the Fourteenth Amendment that restricts the activities of states and their instrumentalities. *See Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 873 (6th Cir. 2000) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)). A Fourteenth Amendment due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993). A prison restriction does not give rise to a protected liberty interest unless the restriction imposed constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Several courts have held that the loss of recreational privileges does not amount to an "atypical and significant hardship" under *Sandin*. *See, e.g.*, *Durham v. Jeffreys*, No. 1:13cv226, 2013 U.S. Dist. LEXIS 166397, at *4 (S.D. Ohio Nov. 22, 2013) ("[a]lthough plaintiff has also alleged that he was only permitted one hour out of his cell for recreation during that 100-day period, the loss of recreational privileges does not amount to an 'atypical and significant hardship' under *Sandin*"), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 2037 (S.D. Ohio Jan. 8, 2014); *Davis v. Collins*, No. 4:13CV140 CDP, 2013 U.S. Dist. LEXIS 95072, at *10 (E.D. Mo. July 9, 2013) (and cases cited therein) ("Under the standards set forth in *Sandin*, the loss of recreation time cannot be said to be atypical, significant deprivations that could encroach upon any liberty interest."); *Maxwell v. Clarke*, No. 7:12cv00477, 2013 U.S. Dist. LEXIS 83461, at *30 (W.D. Va. June 13, 2013) (citing holding in *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997), that six-month period of segregation with "no outside recreation" did not impose an atypical and significant hardship on the prisoner), *aff'd*, 540 F. App'x 196 (4th Cir. 2013) (per curiam); *Brown v. LeBlanc*, No. 09-1477-P, 2013 U.S. Dist. LEXIS 67157, at *25 (W.D. La. Mar. 27, 2013) ("12 weeks loss of yard/recreation privileges does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns"), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 67225 (W.D. La. May 9, 2013). In light of these cases, and because Plaintiff only alleges that he was denied outdoor recreation and not all forms of recreation during his time in segregation, the Court finds that this allegation fails to state a claim upon which relief may be granted. *See also Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir. 1995) (no minimum amount of outdoor exercise required under Eighth Amendment).

Courts have similarly held that the loss or restriction of telephone privileges does not constitute an "atypical and significant" hardship under *Sandin*. *See, e.g.*, *Schmitt v. Mulvey*, No.

04-10717, 2006 U.S. Dist. LEXIS 7813, at \*9 (D. Mass. Mar. 1, 2006) ("loss of television, radio and telephone privileges for a couple of months does not amount to an 'atypical and significant hardship'"); *Reyes v. Nash*, No. 05-2136, 2006 U.S. Dist. LEXIS 8108, at \*15-16 (D.N.J. Feb. 15, 2006) (loss of telephone privileges for one year is not an atypical and significant hardship); *Castleberry v. Acker*, No. 05-cv-74271, 2006 U.S. Dist. LEXIS 5585, at \*4 (E.D. Mich. Jan. 31, 2006) (loss of telephone privileges for twenty-four months is not an atypical and significant hardship).

Plaintiff also alleges that his telephone restrictions violated his Sixth Amendment right to counsel.  The Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  This right, however, "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings."  *Texas v. Cobb*, 532 U.S. 162, 167-68 (2001).  Because Plaintiff indicates that he was a convicted prisoner during his incarceration at HCJ and fails to allege that he was subject to any further criminal charges or that he was in the process of an appellate or collateral attack on his conviction during the relevant time, he has failed to set forth a plausible Sixth Amendment claim.  *See, e.g.*, *Ortiz-Medina v. Bradley*, No. 1:19-cv-2133, 2020 U.S. Dist. LEXIS 10715, at \*17-18 (M.D. Pa. Jan. 22, 2020); *Love v. N.J. Dep't of Corr.*, No. 14-5629 (SDW), 2015 U.S. Dist. LEXIS 61678, at \*13 (D.N.J. May 12, 2015).  Moreover, even if Plaintiff's Sixth Amendment rights had attached during the relevant time, he has still failed to state a claim because he has not alleged that he did not have other, adequate, alternative means of communicating with his attorney.  *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (reversing grant of preliminary injunction on Sixth Amendment claim based on telephone limitations where prisoners were granted unlimited correspondence and personal

visits with attorneys); *Jackson v. Coyn*, No. 3:17-cv-P61-DJH, 2017 U.S. Dist. LEXIS 83630, at *9-10 (W.D. Ky. June 1, 2017) (no constitutional violation based on telephone restrictions where plaintiff did not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits); *Thompson v. Causey*, No. 1:17-cv-P12-GNS, 2017 U.S. Dist. LEXIS 58656, at *3 (W.D. Ky. Apr. 8, 2017) (same); *Stamper v. Campbell Cty.*, No. 2007-49 (WOB), 2009 U.S. Dist. LEXIS 63958 (E.D. Ky. July 24, 2009) (same).

Thus, the Court will dismiss Plaintiff's claim based upon restricted telephone access for failure to state a claim upon which relief may be granted.

### D. Hours Spent in Segregation Unit

The Court next turns to Plaintiff's allegations that his Eighth Amendment rights were violated because he was required to spend 23 of every 24 hours in his cell during the approximately five and one-half months he was incarcerated in the in the segregation unit at HCJ.

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"The Sixth Circuit has found that long periods of confinement or lockdown do not automatically result in an Eighth Amendment violation." *Ayers v. Ohio*, No. 1:18 CV 2890, 2019

9

U.S. Dist. LEXIS 170264, at *12 (N.D. Ohio Oct. 1, 2019) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Argue's confinement to his cell for twenty-three hours per day, Monday through Friday, does not rise to the level of a constitutional magnitude, because the confinement does not impose an atypical and significant hardship.")).   Indeed, "'merely being placed in administrative lockdown, even for 23 hours a day, does not rise to the level of a constitutional violation.'" *Id.* at *12-13. (quoting *Quinn v. C.I.A.*, 2013 U.S. Dist. LEXIS 20587, at *9 (W.D. Ky. Feb. 15, 2013)); s*ee also Alexander v. Vittitow*, No. 17-1075, 2017 U.S. App. LEXIS 22601, at *13 (6th Cir. Nov. 9, 2017) (no Eighth Amendment claim where prisoner alleged that he was locked in a cell for 23 hours per day for thirty days); *Figueroa v. Dinitto*, 52 F. App'x 522, 523 (1st Cir. 2002) (confinement with another inmate for 23-24 hours a day does not violate the Eighth Amendment); *Montgomery v. Hardin Cty. Det. Ctr.*, No. 3:19-CV-792-CHB, 2020 U.S. Dist. LEXIS 17926, at *6 (W.D. Ky. Jan. 31, 2020) ("Plaintiff's allegation that he has been placed in segregation with another inmate for several months, with only one hour 'out' a day, and has lost his 'privileges'" does not rise to an Eighth Amendment claim).

### E.  Cell Conditions

Finally, the Court turns to Plaintiff's claim that his Eighth Amendment rights were violated due to his cell conditions in the segregation unit.   Plaintiff alleges that the segregation unit sometimes lacked hot water; that the toilets in these cells required inmates to use water to fully flush any waste; and that the showers had rust and mold.

The cell conditions Plaintiff alleges are not sufficiently serious to state an Eighth Amendment claim.   First, courts have consistently held that a lack of hot water does not violate the Eighth Amendment.   *See, e.g.*, *Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014) ("The district court . . . properly dismissed Hopkins's claims relating to the absence of hot

water in his cell. Prisoners do not have a constitutional right to hot water under the Eighth Amendment.") (citing *Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison.")); *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 U.S. Dist. LEXIS 164561, at *2 (W.D. Ky. Nov. 19, 2012) (plaintiff's claim that some cells had no hot water was not a constitutional violation).

The Court next turns to Plaintiff's allegation that the toilets in the segregation unit only partially flushed and, therefore, required inmates to pour water down them to fully flush them of human waste. The Sixth Circuit has held that, in conditions-of-confinement claims, "the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)). In *Lamb*, the Court concluded that the plaintiff's exposure to human waste for four hours was "a temporary inconvenience that, while serious, did not last so long as to create conditions that fall below 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)); *see also Gallant v. Holdren*, No. 1:16-CV-383, 2019 U.S. Dist. LEXIS 50787, at *17 (S.D. Ohio Feb. 20, 2019) (plaintiff's forced exposure to sewage overflow in cell unit for 16 hours did not constitute Eighth Amendment violation), *report and recommendation adopted*, No. 1:16CV383, 2019 U.S. Dist. LEXIS 49965 (S.D. Ohio Mar. 26, 2019); *Wiley v. Ky. Dep't of Corr.*, No. CIV.A. 11-97-HRW, 2012 U.S. Dist. LEXIS 166385, at *14 (E.D. Ky. Nov. 21, 2012) (concluding that inmate's "alleged exposure to the overflowing toilet and resulting odors, while no doubt unpleasant, was of short duration—one day—and did not amount to an Eighth Amendment violation"). On the other hand, the Sixth Circuit has concluded that a prisoner who was forced to live in a cell covered in fecal matter for three days sufficiently stated an Eighth Amendment claim. *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir.

11

2012); *DeSpain*, 264 F.3d at 974 (concluding that 36-hour exposure to non-working toilets and "other inmates' urine and feces via the standing water" was sufficiently serious to satisfy objective component of Eighth Amendment claim). Because Plaintiff alleges that the toilets in the segregation unit partially flushed and that inmates could readily rid the toilets of any remaining waste by pouring water down them, the Court finds that any exposure to human waste was limited and fails to state an Eighth Amendment claim.

Finally, the Court finds that Plaintiff's conclusory allegation regarding the presence of rust and black mold in his shower, with no indication of harm to his health, fails to state a claim upon relief may be granted. *See*, *e.g.*, *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 U.S. Dist. LEXIS 178576, at *9 (E.D. Mich. Dec. 18, 2012) ("The mere allegation of the presence of some mold does not create a condition of 'intolerable for prison confinement.'") (quoting *Rhodes v. Chapman*, 452 U.S. at 348); *Voorhees v. Huber*, No. 1:01CV-76-M, 2010 U.S. Dist. LEXIS 82102, at *6 (W.D. Ky. Aug. 10, 2010) (finding that plaintiff's speculation that his exposure to mold in his sleeping area could endanger his health failed to state an Eighth Amendment claim).

Thus, Plaintiff's claim regarding his cell conditions at HCJ will also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims regarding the alleged reading of a legal letter by HCJ officials, the restriction or loss of certain privileges, the hours spent in segregation each day, and the conditions of his cell are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

In addition, the **Clerk of Court** is **DIRECTED** to terminate the "Hopkins County Hopkins County Jail Administration," Jailer Mike Lewis, Captain Sundie Thomas, Sergeant Justin Hunt,

and Brooke Holt as parties to this action and to add **Hopkins County** as the Defendant in the docket.

The Court will enter a Separate Service and Scheduling Order to govern the development of the First Amendment and RLUIPA claims it has allowed to proceed against Hopkins County.

Date:   October 5, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Hopkins County Attorney
        Hopkins County Judge-Executive
4414.011